ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CARIBBEAN AIRPORT FACILITIES INC<br><br>PETICIONARIO<br><br>v.<br><br>HONORABLE MARÍA D. DÍAZ PAGÁN, JUEZA DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN<br><br>RECURRIDA | KLRX202500003 | *Mandamus*<br><br>Caso Núm. KEF2011-0453<br><br><br><br>Sobre: Expropiación forzosa |

Panel integrado por su presidenta, la jueza Ortiz Flores, la jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Comparece ante este Tribunal de Apelaciones la peticionaria Caribbean Airport Facilities, Inc. (CAF) y, mediante una *Solicitud de Mandamus*, nos solicita que se expida el auto discrecional y que se ordene por este Tribunal de Apelaciones a la Honorable María D. Díaz Pagán, Jueza Superior, a dictar la Sentencia pendiente en el caso KEF2011-0453 ante el Tribunal de Primera de Instancia, Sala de San Juan (TPI).

**I**

El Estado Libre Asociado de Puerto Rico, en beneficio de la Autoridad de los Puertos de Puerto Rico (AP) presento una Petición de Expropiación Forzosa a los fines de adquirir los derechos sobre ciertos contratos de arrendamiento y subarrendamiento suscritos entre AP y CAF como arrendataria. Luego de los procedimientos de rigor, se celebró una vista en su fondo para dirimir la justa compensación por el título adquirido mediante el procedimiento de expropiación forzosa, y el caso quedó sometido para el dictamen final.

Transcurridos más de 13 años, sin que se haya notificado la sentencia, la parte peticionaria presentó el recurso de *mandamus* ante nos. El 19 de marzo de 2025, concedimos a la parte recurrida hasta el viernes 28 de marzo de 2025 para que mostrara causa por la cual no se deba expedir el auto de *mandamus* solicitado.

El 28 de marzo de 2025, la recurrida presentó una *Comparecencia Especial* en la cual expuso lo siguiente:

> Comparece especialmente María D. Díaz Pagán, Juez Superior, asignada a la Sala 1002 del Centro Judicial de San Juan, en cumplimiento con la Resolución emitida por este Honorable Foro el 19 de marzo de 2025, mediante la cual se nos concedió término para mostrar causa por la cual no se deba expedir el auto de *mandamus* solicitado.
>
> En cumplimiento con la Resolución emitida por este Honorable Tribunal exponemos como sigue:
>
> **Trámite Procesal:**
>
> 1. El caso KEF2O11-0453 fue presentado el 28 de diciembre de 2011.
> 2. Entre el 2011 al 2023, intervinieron tres jueces distintos, incluyendo a la que suscribe.
> 3. Cuando nos asignaron el caso en junio de 2021, ya el expediente contaba con 15 tomos.
> 4. El 30 de enero, 1 y 17 de febrero de 2023 celebramos el juicio en el caso de autos.
> 5. Las partes presentaron los memorandos de derecho que les solicitamos el 11 de septiembre de 2024 (6 meses y 22 días después de la celebración del juicio).
> 6. El 2 de mayo de 2024, el 23 de septiembre de 2024 y el 14 de enero de 2025, Caribbean Airport Facilities, Inc., presentó mociones en las que nos solicitó que emitiéramos un dictamen.
> 7. Estas mociones no fueron traídas a mi atención sino hasta el 11 de marzo de 2025, cuando se presentó la Solicitud de Mandamus.
> 8. El 12 de marzo de 2025 emitimos una Orden en la que aclaramos este punto. Allí indicamos, en primer lugar, que no teníamos conocimiento de su presentación y que, de haberlas examinado las hubiéramos atendido.
> 9. Explicamos, además, que luego de que se presentaran los memorandos de derecho de las partes, que ocupan los tomos 16 al 21 del expediente, referimos el expediente a la oficial jurídico, para estudio e investigación sobre ciertos puntos de derecho y recomendación. [nota al calce omitida]Cuando posteriormente, personal de la Secretaría unió las referidas mociones, no fui alertada de ello.

10. Las sentencias de los juicios celebrados por la que suscribe se han retrasado pues no sólo no tuvimos acceso a los expedientes físicos por más de un mes cuando ocurrió el incendio en el Centro Judicial de San Juan en abril del 2024, sino que tuvimos dos situaciones de salud serias imprevistas posteriores a la fecha en que quedó sometido el caso. La primera, una rotura del *rotator cuff* del hombro izquierdo que requirió una cirugía por la cual todavía estoy recibiendo terapia porque no he recuperado la movilidad total del brazo. La segunda, una neuralgia severa de nervio intercostal del lado izquierdo. Ello y el cúmulo de trabajo que tiene la. Sala 1002, sala que, tras su apertura en marzo del 2021, recibió, además, todos los casos activos e inactivos de la Sala 1003, ha retrasado la atención de los asuntos sometidos. Nótese que la mayoría de los casos de expropiación forzosa estuvieron paralizados a raíz de PROMESA y, a la que suscribe, quien comenzó a cubrir ambas salas a mediados del 2021, le ha tocado atenderlos en sus méritos. [nota al calce omitida]

11. El 28 de marzo de 2025, notificada y archivada en autos el 28 de marzo de 2025, emitimos la Sentencia en el KEF'2011-0453.

**II**

Examinado el escrito titulado *Comparecencia Especial* presentada el 28 de marzo de 2025, por la Jueza Superior, Hon. María D. Díaz Pagán, este Tribunal da por cumplida nuestra *Resolución* dictada el 19 de marzo de 2025.

Por lo antes expuesto, este Tribunal decreta el sobreseimiento y archivo de esta demanda de *mandamus*, por esta haberse tornado académica.4 LPRA Ap. XXII_B, R.83(B)5.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones